
FILED
AUG 14 2013
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| HEART K LAND & CATTLE CO., LLC, | CV 13-60-BLG-JCL |
| Plaintiff, | |
| vs. | ORDER |
| MONTANA RAIL LINK, | |
| Defendant. | |

I. **Introduction**

Heart K Land & Cattle Co, LLC ("Heart K") moves to remand this action to the Sixth Judicial District Court, Park County, Montana. And it seeks an award of costs and expenses under authority of 28 U.S.C. § 1447(c). The Defendant Montana Rail Link ("MRL") opposes remand and also moves under Federal Rule of Civil Procedure 12(b)(1) and (6) to dismiss the action for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted.

For the reasons detailed below, Heart K's motion to remand is properly granted without an award of expenses and costs, and MRL's motion to dismiss is denied as moot.

## II. Factual Background and Procedural History

On or about July 24, 2012, Heart K purchased several parcels of real property ("Property") located east of Livingston, Montana. The Property is served by Rustad Lane, which intersects with US Highway 89, runs in a north-south direction, and shortly after its intersection with the highway crosses over a railroad right-of-way owned by the Burlington Northern Santa Fe Railway Company and currently leased to MRL. An at-grade crossing provides access to the Property by allowing vehicular traffic to go over the railroad tracks. Not long after acquiring the Property, Heart K requested MRL, in accordance with Montana law, to fence the right-of-way where it adjoined Heart K's Property. After MRL began fencing the right-of-way, Heart K learned that MRL intended to fence across Rustad Lane, blocking ingress to and egress from the Property. Heart K contacted MRL and demanded that it not fence across Rustad Lane, but to no avail.

On August 31, 2012, Heart K filed a document titled "Verified Application for Temporary Restraining Order Without Notice and Verified Application for

Injunctive Relief" ("the Original Application") in state district court. The Original Application sought a temporary restraining order and permanent injunctive relief under Montana Code Annotated §§ 27-19-314 and 27-19-101 to prevent MRL from impeding the use of the Rustad Lane crossing. On that same date, the state court opened a civil action denominated DV-2012-153, issue a temporary restraining order ("TRO"), and set a show cause hearing for September 11, 2012. MRL was served with the Original Application and order on September 5, 2012.

Upon stipulation of Heart K and MRL, the state court subsequently vacated the show cause hearing and extended the TRO until November 10, 2012. On November 13, 2012, the parties jointly moved the state court to again extend the TRO for an additional sixty days to allow the parties to continue settlement negotiations. The state court granted the extension and ordered that the TRO would terminate on expiration of the 60 day extension. When the parties were unable to effect a settlement, the TRO terminated.

Thereafter, on April 20, 2013, MRL crews completely removed the Rustad Lane crossing. On April 22, 2013, Heart K filed an "Ex-Parte Application for Temporary Restraining Order and Request for Hearing and Application for Permanent Injunction" (the "Second Application") in the pending civil action DV-2012-153. That same day, the state court issued a second TRO prohibiting MRL

from taking actions that would impede or prevent Heart K or other residents from using the Rustad Lane crossing.

On April 29, 2013, MRL filed a notice of removal invoking the removal jurisdiction of this Court under 28 U.S.C. § 1441(a). In the notice, MRL asserted that Heart K's state law causes of action are completely preempted by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10101 *et seq.*, and thus this Court would have original jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1337.

### III. Analysis

#### A. Timeliness of the Notice of Removal

Heart K first contends that remand is required because MRL failed to effect removal within the 30 day period prescribed by 28 U.S.C. § 1446. In the alternative, Heart K argues that because its claims under state law are not completely preempted by the Interstate Commerce Commission Termination Act, the action was improperly removed by MRL. Because MRL's notice of removal was untimely, the action must be remanded and the Court need not address Heart K's alternate argument.

28 U.S.C. § 1446(b)(1) provides, in relevant part:

The notice of removal of a civil action or proceeding shall be filed within 30

-4-

days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, ....

Section 1446(b)(3), in turn, provides as follows:

Except as provided in subsection (c), if the case started by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The time requirements of § 1446(b) are mandatory in nature, must be narrowly construed, and must be strictly complied with. *U.S. ex rel Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975) (*cert denied* 423 U.S. 849 (1975)). Failure to file a notice of removal within the statutory period constitutes a waiver of the right to remove. *Dunn v. Gaim, Inc.*, 166 F.Supp.2d 1273, 1278 (C.D. Cal. 2001) (*citing Cantrell v. Great Republic Insurance Co.*, 873 F.2d 1249, 1256 (9th Cir. 1989)).

It is undisputed that on September 5, 2012, MRL was served with the Original Application and order to show cause but did not attempt to remove the case within the following 30 day period. Rather, MRL first filed a notice of removal on April 29, 2013, in response to Heart K's Second Application. Heart K takes the position that the 30 day period for removal under § 1446(b)(1) was triggered when MRL was served with the Original Application on September 5,

2012, and because MRL did not file a notice of removal within that 30 day window remand is mandatory. The Court agrees.

The thrust of MRL's argument in opposition to remand lies in the assertion that Heart K never filed a complaint or other initial pleading in state court at the time of its Original Application "setting forth a claim for relief" as contemplated by § 1446(b)(1). Thus, as MRL sees it, the 30 day window under § 1446(b)(1) was not triggered when MRL was served with the Original Application in August 2012. MRL attempts to bolster its argument by suggesting that the only relief prayed for in the Original Application was a TRO.[1] And because the TRO initially entered by the state court was terminated by the terms of the state court's order of November 14, 2012, and no injunction was subsequently entered, MRL contends the state court case DV-2012-153 "should have been dismissed and the matter closed." Dkt. 15, at 3. Additionally, MRL suggests that the Interstate Commerce Commission Termination Act – and hence and the notion of complete preemption – was first implicated in the Second Application.

---

[1] Under Montana law, both a TRO and preliminary injunction may be issued on application and notice without filing a complaint. Mont. Code Ann. §§ 27-19-301, 303, & 307; *City of Great Falls v. Forbes*, 247 P.3d 1086, 1088 (Mont. 2011). In contrast, in order to prosecute an action for permanent, or final, injunctive relief a party must file a complaint as required by Mont. R. Civ. P. 3. Mont. Code Ann. § 27-19-101.

MRL's argument misses the mark. Contrary to MRL's suggestion, the Original Application expressly requested permanent injunctive relief under Mont. Code Ann. § 27-19-101. Dkt. 3-1, at 3. The technical failure of Heart K to style its Original Application as a "complaint" does not warrant the conclusion warranted by MRL that Heart K did not commence a civil action. If the Court were to reach that conclusion it would run afoul of Mont. R. Civ. P. 8(e), which – like its federal counterpart – requires pleadings to "be construed so as to do justice." *See e.g. Cowan v. U.S.*, 5 F.Supp.2d 1235, 1237 (N.D. Okla. 1998) (construing Fed. R. Civ. P. 8(f), now Rule 8(e)).

More importantly, however, the issue at hand is controlled by federal law. In this regard, before a civil action can be removed from a state to a federal court it must have been "brought" in the state court within the meaning of the removal statute. 28 U.S.C. § 1441(a). Thus, "[w]hether an action is removable . . . 'turns on the meaning of the removal statute and not upon the characterization of the suit or the parties to it by state statutes.'" *Quality Loan Service Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1132 (9th Cir. 2011) (*quoting Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941)). Regardless of the form of the proceeding used to bring a defendant into state court, a suit is considered "brought" within the contemplation of § 1441(a) when the defendant is

subjected to judicial orders. *See e.g. Perimeter Lighting, Inc. v. Karlton*, 456 F.Supp. 355, 359 (N.D. Ga. 1978).

In the present case, a civil action was "brought" by Heart K against MRL when the Original Application was filed in August of 2012 – a filing that set the judicial machinery of the state in motion against MRL. *Id.* And because that Original Application constituted a "initial pleading" that set forth the claim for relief on which the action was based, i.e. permanent injunctive relief as required by § 1446(b)(1), the 30 day window for removal was triggered.

Importantly, the Original and Second Applications did not differ in any significant respect – both clearly sought to enjoin MRL from engaging in any conduct that would interfere with Heart K's use of Rustad Lane. If, as asserted by MRL, the claims in the Second Application are preempted by the Interstate Commerce Commission Termination Act, then it would have been just as clear that the claims advanced in the Original Application were preempted by the Act. By failing to remove the case within 30 days from the date it was served with the Original Application, MRL waived its right to remove the case to this Court and remand is appropriate.

B. Costs and Fees

"An order remanding the case may require payment of just costs and the

actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Unless there are unusual circumstances, a court "may award attorneys fees under § 1447(c) only where the removing party lacks an objectively reasonable basis for seeking removal." *Martin v. Franklin*, 546 U.S. 132, 141 (2005). On the other hand, if the removing party had an objectively reasonably basis for removal, fees should be denied.

Under the circumstances of this case, the Court finds that MRL had an objectively reasonable basis for removal. After the TRO entered by the state court terminated in November 2012, Heart K took no further action in state court to obtain preliminary injunctive relief until April 22, 2013, when it filed the Second Application after MRL removed the grade crossing at Rustad Lane. Given the procedural history of the state court case, the Court is unable to conclude that MRL lacked an objectively reasonable basis for seeking removal. Therefore, Heart K's request for costs and expenses is properly denied.

IV. **Conclusion**

Therefore,

IT IS HEREBY ORDERED that this matter is remanded to the Sixth Judicial District Court, Park County, Montana.

IT IS FURTHER ORDERED that the Plaintiff's request for an award of

costs and actual expenses is DENIED. Finally,

    IT IS ORDERED that the Defendant's motion to dismiss is DENIED as moot.

DATED this 14th day of August, 2013

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge